UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BILLY S., | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:20-CV-1220 (JCH) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| COMMISSIONER OF SOCIAL | : | NOVEMBER 7, 2023 |
| SECURITY, | : | |
|     Defendant. | : | |

**RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. NO. 22)**

**I.    INTRODUCTION**

Ivan M. Katz ("Attorney Katz"), attorney for Billy Sisouvong ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code. Attorney Katz seeks $13,080.00, which is the balance of twenty-five percent of the total past-due benefits paid to the plaintiff. See Motion for Allowance of Attorney's Fees ("Mot. for Atty's Fees") at 1-2. The Commissioner, in his limited role in this type of proceeding, requests that the court determine the reasonableness of the fee request. See Response to Motion for Fees Pursuant to Section 406(b) ("Def.'s Resp.") at 2 (Doc. No. 24)

For the reasons stated below, the Motion for Award of Attorney's Fees (Doc. No. 22) is granted.

**II.    BACKGROUND**

On March 9, 2021, the Commissioner moved for remand which the court granted (Doc. No. 17). Judgment remanding the case entered on March 10, 2021 (Doc. No. 18). The matter was remanded by the Appeals Council to the New Haven Hearings

1

Office.  A hearing was held on October 12, 2022 before Administrative Law Judge Deirdre R. Horton.  On October 28, 2022, ALJ Horton issued a decision in favor of the plaintiff.

An "Important Notice" was issued on September 5, 2023 by the Social Security Administration advising the plaintiff that the sum of $19,080.00, representing 25% of his past-due benefits of $76,320.00, was withheld for payment of attorney's fees.  Motion for Atty. Fees (Doc. No. 22-1) at 3-6.

## III.   STANDARD

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  "The effect of this provision . . . is threefold: it fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (footnote, quotation marks, and citation omitted).

In evaluating a fee application pursuant to section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]"  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  As part of the reasonableness analysis, a district court must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement."  Fields, 24 F.4th at 849 (footnote omitted).

This determination also requires consideration of whether a requested fee would amount to a "windfall" to the attorney.  Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").  "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate."  Fields, 24 F.4th at 854.  "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits." Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854–55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  Wells, 907 F.2d at 371.  Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable."  Id.

IV.     **DISCUSSION**

    A.     Reasonableness

The Commissioner's response to plaintiff counsel's 406(b) Motion requested that the court determine the reasonableness of the fee amount.  See Def.'s Resp. at 2.  In the case at bar, there is no evidence of any undue delay nor of any fraud or overreaching in making the contingency agreement.  Additionally, the fee award is not greater than 25 percent of the plaintiff's past due benefits award, as required by statute. See 42 U.S.C. § 406(b)(1)(A).  Instead, the Commissioner defers to the court on

"whether the requested fee is reasonable in light" of the Fields factors, which govern what amounts to a "windfall." See Def.'s Resp. at 2; Fields, 24 F.4th at 854–55.

In this case, the Fields factors as well as the de facto hourly rate support the conclusion that the requested fee is reasonable and should be awarded.  First, Attorney Katz possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  Second, Attorney Katz spent 40.20 hours representing the plaintiff in this court and successfully seeking remand.  Expending 40.20 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time." Jones v. Colvin, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (quotation marks and citation omitted).  Third, given the substantial size of the Award of past-due benefits obtained, the court presumes that the plaintiff is satisfied with Attorney Katz's representation in this case.  Indeed, this conclusion is strengthened by the fact that the plaintiff received notice of the Motion and counsel does not indicate that plaintiff objects.  Further, plaintiff agreed to the fee of 25% of past due benefits, which is the total plaintiff's counsel will receive.  See Retainer Agreement, Mot. for Atty's Fees (Doc. No. 22-2).  Fourth, without counsel's efforts that resulted in remand, it is likely that this successful outcome would not have been achieved.

Plaintiff counsel's de facto hourly rate in this case is $474.63 per hour—$19,080.00 divided by 40.20 hours[1].  This sum is less than other section 406(b) fee awards sanctioned by courts in this District. See, e.g., Christopher B. v. Kijakazi, 2023 WL 2236907, at *1–2 (D. Conn. Feb. 27, 2023) (approving a section 406(b) fee award at

---

[1] Counsel states that his hourly rate should be $325.37.  However, the court finds that the hourly rate of $474.63 is still reasonable.

an effective hourly rate of $950.00); Vasquez v. Saul, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020) (approving attorney's fees under section 406(b) at a de facto hourly rate of $791.44); Sama v. Colvin, 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (approving an Attorney's fee award at an effective hourly rate of $785.30).

Thus, the amount requested is reasonable and does not amount to a "windfall" to counsel. In addition, because Attorney Katz has already received $7,950.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, counsel should reimburse the plaintiff for that amount, as he has already agreed to do. See Mot. for Atty's Fees at 5.

### V.     CONCLUSION

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees is granted. Attorney Katz is awarded fees in the amount of $13,080.00, which represents the balance due and withheld from plaintiff's past due benefits. In light of the court's Ruling, Attorney Katz must promptly refund the plaintiff $7,950.00, which represents the EAJA award previously paid to him. See Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and [section] 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee." (quotation marks and citation omitted)).

**SO ORDERED.**

Dated at New Haven, Connecticut this 7th day of November 2023.

                                                  /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge